IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONOVAN RYAN HILLER,

        Plaintiff,

v.                                                                Case No. 20-3040-JWB

MICHAEL RAMSEY, and
BRAD WILLIAMS,

        Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Donovan Ryan Hiller is hereby required to show cause, in writing, why Counts 2 and 3 of his complaint should not be dismissed due to the deficiencies discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I. Nature of the action

On January 27, 2020, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 naming as defendants two individuals identified as Lawrence police officers – Michael Ramsey and Brad Williams. (Doc. 1 at 1.) The complaint indicates that at the time of filing, Plaintiff was in custody at the Douglas County Jail, 3601 E. 25th St., Lawrence, Ks.

### II. Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A court liberally construes a pro se complaint and applies less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). *See Strader v. Butler & Assocs., P.A.*, No. 20-3001-SAC, 2020 WL 430215, at *1 (D. Kan. Jan. 28, 2020).

As noted by Judge Crow in *Strader*:

> The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).
>
> The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

*Strader*, 2020 WL 430215, at *2.

### III. Analysis

<u>Count 1</u>. Count 1 alleges that on August 30, 2019, Officer Michael Ramsey of the Lawrence Police Department ("LPD") used excessive force against Plaintiff by discharging a taser into Plaintiff's "genital region." (Doc. 1 at 2-3.) This allegedly occurred after Plaintiff opened his door to Ramsey and another officer and while Plaintiff "stood in the entryway, silent, unarmed, and in shock," and it allegedly caused Plaintiff to fall and hit his head on a table. (*Id.*) The court concludes the allegations could state a plausible claim for relief. A law enforcement officer can violate the Fourth Amendment by using more force than is reasonably necessary to effect a lawful arrest or detention. *See Maresca v. Barnalillio Cty.*, 804 F.3d 1301, 1313 (10th Cir. 2015) (citation omitted.) The force applied must be objectively reasonable, taking into account the totality of the circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to flee. *Morris v. Noe,* 672 F.3d 1185, 1195 (10th Cir. 2012) (citing *Graham v. Connor,* 490 U.S. 386, 388 (1989)). Although Plaintiff's allegations fail to explain some of the circumstances surrounding the incident, when liberally construed they are sufficient to allege that the force used was excessive because Plaintiff did not pose a threat to anyone and was not actively resisting arrest when the officer used the taser.

<u>Count 2</u>. Count 2 alleges that on the same date, Officer Brad Williams of the LPD "removed taser probes from my flesh in violation of my right to be processed by a licensed healthcare professional." (Doc. 1 at 3.) The complaint indicates the taser probes were removed before the officers handcuffed Plaintiff, such that it occurred in the course of the arrest. These allegations fail to state a claim upon which relief can be granted. Plaintiff alleges no facts to show that the removal of the probes by the officer, considering the totality of the circumstances, amounted to

the use of objectively unreasonable force under the Fourth Amendment. *See Davis v. City of Port Aransas, Texas*, 2015 WL 758278, at *6 (S.D. Tex. Feb. 23, 2015) ("Plaintiff does not cite any authority supporting his assertion that Taser leads may only be removed by medical personnel, and more than one court in this circuit has held that the removal of Taser leads does not amount to excessive force when it results in no more than de minimus injury.") (citing cases.)

Assuming, without deciding, that the Due Process Clause of the Fourteenth Amendment also requires police officers to provide medical care to a person injured during arrest, Count 2 does not contain enough facts to show a plausible claim for relief. To establish a due process medical-needs claim, a plaintiff must show that the harm suffered is sufficiently serious to be cognizable under the Eighth Amendment and that the defendant knew the plaintiff faced a substantial risk of harm and disregarded that risk. *See Kirk v. Burke,* 712 F. App'x 729, 732 (10th Cir. 2017). The complaint alleges no facts to support such elements. Nor does the complaint state whether Plaintiff was provided medical care after his arrest. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983) (city satisfied due process obligation to provide medical care to arrestee by seeing that he was provided medical care following the arrest).

Count 3. Count 3 alleges that the officers handcuffed Plaintiff and "forcefully abduct[ed] me from my home." (Doc. 1 at 4.) It alleges that "[a]t no time during this entire ordeal was I Mirandized or placed under arrest." (*Id.*) These allegations fail to state a claim upon which relief can be granted. The assertions that Plaintiff was handcuffed and forcibly removed from his home amount to an allegation that he was arrested. *See Cortez v. McCauley,* 478 F.3d 1108, 1115-16 (10th Cir. 2007) ("'[T]he use of firearms, handcuffs, and other forceful techniques' generally exceed the scope of an investigative detention and enter the realm of an arrest.") But the complaint contains no facts to show that the arrest violated Plaintiff's rights. An arrest may be unlawful if it

4

is done without probable cause to believe a crime was committed and, in the case of an arrest occurring in a home, it may be unlawful if officers had no lawful right to enter the home. Plaintiff alleges no facts to show that he was arrested without probable cause or that the officers had no lawful right to enter the home to make an arrest. *See Devenpeck v. Alford,* 543 U.S. 146, 152 (2004) (warrantless arrest is reasonable under Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed); *Payton v. New York,* 445 U.S. 573, 590 (1980) (absent another exception such as exigent circumstances, officers may not enter a home to make an arrest without a warrant).

**IV. Conclusion**

For the reasons stated above, Plaintiff is granted until March 1, 2020, to show good cause, in writing, why Plaintiff's claims in Counts 2 and 3 should not be dismissed for failure to state a claim upon which relief can be granted. Failure to do so will result in dismissal of Counts 2 and 3.

Plaintiff is also granted until March 1, 2020, to file a complete and proper amended complaint to cure the deficiencies in Counts 2 and 3 discussed above.[1]

The Clerk of the Court is directed to prepare a waiver of service form for Defendant Ramsey, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon Defendant Ramsey at no cost to Plaintiff.

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3040-JWB) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant Ramsey's answer or response to the complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

IT IS SO ORDERED this 5th day of February, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE