IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONAVAN RYAN HILLER,

    Plaintiff,

v.

MICHAEL RAMSEY, et al.,

    Defendant.

Case No. 5:20-CV-03040-HLT

## ORDER

Plaintiff Donovan Ryan Hiller was previously ordered to show cause in writing why Counts 2 and 3 of his complaint should not be dismissed. Doc. 7.[1] The show-cause order screened the complaint under 28 U.S.C. § 1915A(a) and concluded that Count 1 of Hiller's complaint against Officer Michael Ramsey for excessive use force survived screening. Doc. 7 at 3. But it concluded that Counts 2 and 3 did not state a plausible claim for relief. *Id.* at 3-5. As a result, Hiller was ordered to show cause in writing why Counts 2 and 3 should not be dismissed, and was also granted time to file an amended complaint to cure the deficiencies in Counts 2 and 3. *Id.* at 5. Hiller failed to respond to the show-cause order, but he did file an amended complaint.[2]

As to Count 2, Hiller's amended complaint accuses Officer Brad Williams of "using derogatory language to a civilian and being unnecessarily rough." Doc. 8 at 3.[3] The basis of this claim is that Officer Williams referred to Hiller as a "little bitch" and then "forcefully removed

---

[1] The case was recently reassigned to the undersigned district court judge. Doc. 11.

[2] Although Hiller did not respond in writing to the show-cause order, he did file an amended complaint that purports to address the issues noted in the order. Accordingly, the Court construes his amended complaint as an appropriate response.

[3] Count 2 previously alleged a violation of Hiller's "rights to be processed by a licensed healthcare professional." Doc. 1 at 3.

taser probes after viciously handcuffing me" despite Hiller's lack of resistance. *Id.* As the show-cause order stated, a claim for excessive force—using more force than is necessary, considering the underlying circumstances—can be a violation of the Fourth Amendment. *See Maresca v. Bernalillio Cty.*, 804 F.3d 1301, 1313 (10th Cir. 2015). Although a very close call, the Court concludes that Hiller's amended complaint—when construed liberally considering Hiller's pro se status, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)—has alleged excessive use of force by Officer Williams sufficient to survive screening.[4] However, Hiller has not demonstrated the existence of any cause of action for an "officer using derogatory language to a civilian."

As to Count 3, Hiller's amended complaint alleges that both Officer Ramsey and Officer Williams committed "false arrest/illegal detainment" by tricking him into opening his door after responding to a 911 call "under the premise of asking me questions," and instead of asking questions, tased and "illegally detained" him. Doc. 8 at 4. Count 3 previously alleged "Law enforcement forcefully abducting me from my home," which was construed as a claim that he was arrested, Doc. 1 at 4, which failed to state a claim. *See* Doc. 7 at 4-5. Because Hiller pleaded no facts showing that the arrest violated his rights, that the arrest was without probable cause, or that the officers arrested him inside his home without having a right to enter, Count 3 was dismissed for failure to state a claim. *See id.*

The Court concludes that Hiller has failed to correct the pleading deficiencies in Count 3. The amended complaint simply alleges that he was asked to open the door to answer questions and

---

[4] The Court notes that, although Hiller's thin claims in Counts 1 and 2 survive screening under § 1915A, nothing precludes Defendants from filing any appropriate motion to dismiss. *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 801 (N.D. Ill. 2014) ("Therefore, there is no persuasive reason why a § 1915A screening should foreclose a post-screening dismissal of a complaint upon briefing by the parties represented by counsel."); *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("These cases demonstrate that the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring."). Nor does any ruling in this or any other screening order forecast or dictate the outcome of any such motion. *Harris*, 62 F. Supp. 3d at 801 ("That the complaint may have survived an initial look by the judge, ought not be and is not dispositive.").

was arrested. There are still no facts suggesting that the arrest was without probable cause or took place inside Hiller's home. It merely conclusively states that his arrest was a "false arrest/illegal detainment." Doc. 8 at 4. This fails to state a plausible claim. The Court therefore concludes that Hiller has failed to adequately show cause why Count 3 should not be dismissed or otherwise amend his complaint to address the pleading deficiencies. Count 3 is therefore dismissed without prejudice.

THE COURT THEREFORE ORDERS that Hiller has adequately addressed the pleading deficiencies as to Count 2 and has stated a claim for excessive use of force against Officer Williams sufficient to survive screening. The Clerk of the Court is directed to prepare a waiver of service form for Officer Williams, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served on Officer Williams at no cost to Hiller. Discovery by Hiller shall not commence until Hiller has received and reviewed Officer Williams's answer or response to the complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

THE COURT FURTHER ORDERS that Count 3 of Hiller's amended complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

IT IS SO ORDERED.

Dated: April 14, 2020          /s/ *Holly L. Teeter*
             HOLLY L. TEETER
             UNITED STATES DISTRICT JUDGE