IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONAVAN RYAN HILLER,

    Plaintiff,

    v.

MICHAEL RAMSEY, et al.,

    Defendants.

Case No. 5:20-CV-03040-HLT

## ORDER

Plaintiff Donavan Ryan Hiller filed this 42 U.S.C. § 1983 action pro se,[1] alleging that Lawrence, Kansas police officers Michael Ramsey and Brad Williams violated his Fourth Amendment rights by using excessive force when they arrested him on August 30, 2019. The Court granted Ramsey and Williams's motion for summary judgment on December 3, 2020. Doc. 25. Hiller now asks the Court to reopen this case pursuant to Federal Rule of Civil Procedure 60(b). Doc. 31. Hiller also asks the Court to clarify whether his claims were dismissed with or without prejudice. Doc. 34. For the reasons discussed below, the Court declines to reopen the case but grants Hiller's motion to clarify the December 3 order.

**I.    BACKGROUND**

The factual background underlying the parties' dispute is set forth in detail in the Court's summary judgment order and is not repeated at length herein. In sum, this case stems from Ramsey deploying his taser to effect Hiller's arrest on August 30, 2019. Williams then removed the taser probes from Hiller's person. Hiller initiated this lawsuit on January 27, 2020. After screening

---

[1]    The Court is mindful of Hiller's pro se status and liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not take on the role of advocate. *Id*.

Hiller's pleadings under 28 U.S.C. § 1915A(a), the Court determined that Hiller's excessive force claims against Ramsey and Williams could proceed (Counts 1 and 2).

Ramsey and Williams subsequently moved for summary judgment, arguing that qualified immunity shielded them from liability on Hiller's individual capacity claims and that Hiller put forth no evidence on essential elements of his official capacity claims, namely that Ramsey and Williams acted pursuant to an established policy or custom or that they were decisionmakers with final authority to establish policy. Doc. 20. The Court entered an order granting summary judgment in favor of Ramsey and Williams on December 3, 2020. Doc. 25. As to the individual capacity claims, the Court found in its order that: (1) Ramsey was entitled to qualified immunity because Hiller had not met his burden to show that Ramsey's conduct in using the taser violated clearly established law; and (2) Hiller had not met his burden to show that Williams' conduct in removing the taser probes violated clearly established law or amounted to excessive force. *Id.* As to the official capacity claims, the Court found that Hiller had put forth no evidence that Ramsey and Williams took any action pursuant to official policy or that their actions could be considered official policy. *Id.* Judgment was accordingly entered in favor of Ramsey and Williams. Doc. 26.

Hiller now asks the Court to reopen the case pursuant to Rule 60(b)(3), arguing that Ramsey and Williams engaged in misconduct when their counsel allegedly failed to respond to Hiller's letters and phone calls. Doc. 31 at 4-5. Defendants oppose, arguing that Hiller has failed to make the showing required under Rule 60(b) to relieve him from the Court's final judgment and reopen the case. Doc. 32.

## II.     STANDARD

On motion and just terms, Rule 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons:

2

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). A party seeking relief under this rule has a "higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id.* (quoting *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)). The decision to grant a Rule 60(b) motion is within the district court's sound discretion. *See id.* (citing *Servants of the Paraclete*, 204 F.3d at 1009).

### III.   ANALYSIS

Hiller contends that this case should be reopened pursuant to Rule 60(b)(3) for alleged misconduct by Defendants. Doc. 31, at 4. Specifically, Hiller asserts that he attempted to contact Defendants' counsel via letters and phone calls, and counsel did not respond. *Id.* at 4-5, Doc. 39. Hiller contends that he required discovery to oppose Ramsey and Williams' summary judgment motion and appears to argue that counsel's alleged failure to communicate stymied Hiller in his discovery efforts. *See* Doc. 31, at 3.

A party relying on Rule 60(b)(3) "must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct" by the adverse party. *Zurich*, 426 F.3d at 1290 (quoting *Cummings*, 365 F.3d at 955). To do so, the moving party must show "'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Robinson v. Audi Aktiengesellschaft*,

3

56 F.3d 1259, 1267 (10th Cir. 1995)). The alleged misconduct must also have substantially interfered with the moving party's ability to present its case. *See Zurich*, 426 F.3d at 1290 ("[T]he challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial."). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

Hiller has not met his burden to show, by clear and convincing evidence, that misconduct occurred. At most, a document Hiller submitted in connection with the instant motion appears to show that he called Defendants' counsel three times on December 9. Doc. 39 at 3. Defendants' counsel states that she never received any phone calls from Hiller, nor did she receive a message that Hiller called from anyone at her law firm. Doc. 32-1. Hiller presents no other evidence of purported misconduct, merely bare allegations. Further, for a party's failure to disclose requested information during discovery to constitute misconduct under Rule 60(b)(3), the moving party is usually required to show "the violation of a specific discovery request or order." *Zurich*, 426 F.3d at 1292. Hiller cannot do so here. He has failed to establish any intent on the part of Ramsey, Williams, or their counsel to deceive or defraud the Court through a deliberately planned and carefully executed scheme.

Hiller's chief complaint appears to be that never received the discovery he needed to respond to Ramsey and Williams' summary judgment motion. The Court entered a scheduling order on June 16, 2020, setting forth the parameters for discovery and discovery-related deadlines.[2]

---

[2] Hiller contends that he was confused by the Court entering a scheduling order when the parties had not conferred pursuant to Federal Rule of Civil Procedure 26(f). Doc. 33. Cases involving pro se prisoners are exempted from Rule 26(f)'s conferral requirements. In such cases, the Court may enter a scheduling order without requiring the parties to confer and without holding a scheduling conference. *See Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 5057584, at *4-*5 (D. Kan. Aug. 27, 2020). Hiller further contends that he believed he needed to file a motion to commence formal discovery. Doc. 33. But he never did so.

4

Doc. 17. Pursuant to that order, Hiller had three months to conduct discovery. *Id.* But the docket does not reflect any efforts from Hiller to serve written discovery, and he did not seek the Court's permission to conduct depositions. Hiller also had the opportunity to inform the Court in response to the summary judgment motion that he required more time to take discovery to prepare his opposition. *See* Fed. R. Civ. P. 56(d) (providing that the court may "allow time to obtain affidavits or declarations or to take discovery" if the party opposing summary judgment "cannot present facts essential to justify its opposition"). Ramsey and Williams provided Hiller with a copy of Rule 56 when they served him with the notice explaining how to oppose a summary judgment motion, as required by Local Rule 56.1. Doc. 22. But Hiller responded to Ramsey and Williams' summary judgment motion rather than requesting time to conduct discovery. Hiller's failure to conduct discovery does not equate to misconduct by the opposing parties and is not a basis to reopen this case pursuant to Rule 60(b)(3).

Hiller also asks the Court to clarify whether his case was dismissed with prejudice. Doc. 34. The Court grants Hiller's motion to clarify the December 3 order and explains that granting summary judgment to Ramsey and Williams resolved Hiller's claims on the merits. The case has been terminated with prejudice. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits and thus is with prejudice.").

**IV.   CONCLUSION**

For the reasons discussed above, the Court declines to reopen this case under Rule 60(b)(3). This case remains closed, therefore Hiller's motion to compel discovery attached to his motion to reopen the case is summarily denied. And Hiller's motion for sanctions, also attached to his motion to reopen the case, has no merit for the reasons discussed above and is also denied. The Court

5

grants Hiller's motion to clarify the December 3 order and states that this case has been terminated with prejudice.

THE COURT THEREFORE ORDERS that Hiller's motions to reopen the case, to compel discovery, and for sanctions (Doc. 31) are DENIED and his motion to clarify the December 3 order (Doc. 34) is GRANTED to the extent set forth above.

THE COURT FURTHER ORDERS that this case, closed by the Court's prior order (Doc. 25), remains closed.

IT IS SO ORDERED.

Dated: January 5, 2021   /s/ Holly L. Teeter
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE